J. Y. SAVIERS, Appellant, v. RICHARD BARNETT, Respondent.

No. 1652; October 23, 1868.

Specific Performance.—A Naked Claim That a Person had Taken Possession of Government Land before it became subject to pre-emption, and had surrendered it to another at the latter's request and on his verbal promise to take all the steps necessary for the acquisition of a lawful title from the government, after which the second person was to execute a note to the first for a sum of money and a mortgage on the land to secure the note, is not sufficient to enable such first person to have a court of equity decree, in a suit for specific performance, that the second person execute the note and mortgage, such second person having acquired the lawful title from the government.

APPEAL from Tenth Judicial District, Sutter County.

L. J. Ashford and F. L. Hatch for appellant; Wyatt & Stabler for respondent.

SAWYER, C. J.—No points or briefs have been filed, and we might affirm the judgment for that reason, without looking into the record. But the respondents having filed a brief,

we have examined the record, and we are satisfied that the judgment should be affirmed upon the merits.

The complaint alleges that the plaintiff was in possession of one hundred and forty acres of the public lands of the United States, at the time, not subject to pre-emption under the laws of the United States; that defendant was desirous of being in a position to pre-empt said land, when it should become subject to pre-emption and entry; that to that end it was agreed between plaintiff and defendant that plaintiff should sell and deliver his said possession to defendant, and defendant should take and hold possession, and as soon as said land should be surveyed and open to pre-emption, should file his declaratory statement, and thereafter, at his own cost and expenses follow up the proceedings as required by the laws of the United States, and procure a patent therefor, and after filing such declaratory statement, execute and deliver to said plaintiff his promissory notes to the amount of one thousand dollars, payable in gold coin one year after the date of filing such statement, together with a mortgage upon a portion of the said lands to secure the said notes; that plaintiff delivered, and defendant took possession in pursuance of such agreement, and defendant filed said declaratory statement, but afterward abandoned said pre-emption claims, and filed a homestead claim in pursuance of the laws of the United States with a view of securing a homestead right in said lands; that defendant refuses to execute said notes and mortgage, and to pay said sum; that he is insolvent, and has no means out of which payment could be enforced other than said land, and that the homestead claim was made so that the same should be exempt from execution. He prays judgment that defendant be required to specifically perform by executing said note and mortgage, in pursuance of said agreement. The agreement must be regarded under the allegations of the complaint as verbal. The court sustained a demurrer, and entered final judgment dismissing the complaint, from which the appeal is taken.

The facts stated do not present a case for specific performance within the principles established in equity jurisprudence. We find no error in the record.

Judgment affirmed and remittitur directed to issue forthwith.

We concur: Sprague, J.; Crockett, J.; Rhodes, J.